# COMMONWEALTH OF VIRGINIA



CHESTERFIELD COUNTY CIRCUIT CO
Civil Division
9500 COURTHOUSE ROAD
CHESTERFIELD VA 23832-0909

Summons

To: MCNEIL SALES & SERVICE INC
A PENNSYLVANIA CORPORATION
PRIVATE PROCESS SERVER

Case No. 041CL20002814-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, September 18, 2020

Clerk of Court: WENDY S HUGHES

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: SHELLEY, BLACKWELL N; JR

EXHIBIT 1

**VIRGINIA:**
**IN THE CIRCUIT COURT FOR CHESTERFIELD COUNTY**

| | |
|---|---|
| DAVID MERGENTHALER, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. CL20-2814 |
| ) | |
| McNEIL SALES & SERVICE, INC., ) | |
| a Pennsylvania corporation, ) | |
| ) | |
| *Defendant.* ) | |

## COMPLAINT

The Plaintiff, David Mergenthaler, by counsel, for his Complaint against Defendant McNeil Sales & Service, Inc., alleges as follows:

### NATURE OF CLAIMS

1.  The Plaintiff, David Mergenthaler ("Mergenthaler"), was employed by the Defendant, McNeil Sales & Service, Inc. ("McNeil") as a Refractory Brick Layer Foreman, until his termination on July 20, 2020. On July 17, 2020, Mergenthaler had notified his employer that the protective equipment furnished to Mergenthaler and his crew was not sufficient to protect them against the 800° heat of an industrial furnace. Mergenthaler told McNeil that he and his crew could not work on the furnace until the heat had abated to a point at which the protective equipment would be safe and effective. On July 20, 2020, McNeil terminated Mergenthaler's employment in violation of Va. Code § 40.1-27.3 (A) (1) and (4), because Mergenthaler had in good faith notified his supervisor that working on the furnace without sufficient

1

protective equipment would violate federal and state occupational safety regulations, and because he refused to place his team in danger by violating those regulations.

2.  Mergenthaler seeks an injunction to restrain McNeil's continued violation of this section, the reinstatement to the same position he held before the retaliatory action or to an equivalent position, and compensation for lost wages, benefits, and other remuneration, together with interest thereon, as well as reasonable attorney fees and costs, all pursuant to Va. Code § 40.1-27.3 (C).

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to Virginia Code §§ 17.1-513 and 40.1-27.3 (C). Mergenthaler's demand for declaratory relief is authorized by Va. Code § 8.01-184.

4.  This Court is an appropriate venue for this cause of action pursuant to Virginia Code § 8.01-262 because a substantial part of the cause of action arose in Chesterfield County.

## PARTIES

5.  Mergenthaler is a U.S. citizen and resident of New Kent County, Virginia. For more than twenty years, Mergenthaler has worked with industrial furnaces.

6.  McNeil is a Pennsylvania corporation with a principal place of business at 15 Marlen Drive, Robbinsville, New Jersey.

## FACTS

7. On Friday, July 17, 2020, Mergenthaler and his crew went to the Aleris (now Novelis) rolling mill on Reymet Road in North Chesterfield, Virginia, to perform repairs on an industrial furnace used by Aleris to melt aluminum. Aleris had not turned the furnace off in time for it to cool sufficiently to allow for repairs to be performed safely and without substantial and certain risk of grave physical injury to the workers for whom Mergenthaler was responsible. At the time that Mergenthaler and his crew arrived, the furnace temperature was 800° F.

8. Mergenthaler told the Aleris representatives at the site that his crew's protective equipment could not withstand the furnace's temperature and that he would not put his crew's safety at risk. He advised that, if the furnace were allowed to cool for another day, then his crew's personal protective equipment would be sufficient to withstand the heat and they could do their work. The Aleris representatives argued with Mergenthaler and told him that he should work on the furnace that day, despite the unsafe temperature. Mergenthaler again declined to put his crew in danger and told the Aleris representatives that he had previously melted his protective face shield working in 500°F heat. One of the Aleris representatives remained dismissive of Mergenthaler's concerns about protective equipment and said, "Maybe we need a younger crew who can handle it [the heat]."

9. Mergenthaler then spoke with his supervisor, Theodore J. Barry ("Barry"), a vice-president of McNeil, from the Aleris job site. Mergenthaler

3

told Barry that his crew's personal protective equipment could not safely withstand a furnace temperature of 800° F. He relayed to Barry his conversations with the Aleris representatives about waiting a day to complete the work in order for the furnace to cool sufficiently. Mergenthaler told Barry that, because of the lack of proper protective equipment (or any other heat shields), he was sending the crew away and would bring them back the next day.

10. Mergenthaler learned that night that Barry had taken Mergenthaler's crew back to the Aleris rolling mill later on July 17, without Mergenthaler, and despite Mergenthaler's protests about his crew's lack of adequate personal protective equipment.

11. On Monday, July 20, 2020, Barry called Mergenthaler and terminated his employment. Barry said that the reason for Mergenthaler's termination was "arguing with clients."

12. On information and belief, Aleris is McNeil's biggest client.

13. Mergenthaler had worked for McNeil for twenty years before McNeil terminated him and had, during that time, received regular raises and bonuses. By any objective standard, Mergenthaler had performed his job duties to the satisfaction of McNeil for twenty years preceding his termination.

14. Barry's stated reason for Mergenthaler's termination – "arguing with clients" – was a pretext. Mergenthaler was terminated because he

4

complained that his crew lacked adequate protective equipment and because he refused to put his crew in danger without adequate protective equipment.

### COUNT I: Violations of Va. Code § 40.1-27.3.

15. The foregoing allegations are incorporated as if re-alleged herein.

16. Virginia Code § 40.1-27.3 (a) (1) makes it unlawful for an employer to discharge, discipline, threaten, discriminate against, or penalize an employee because the employee in good faith reports a violation of any federal or state law or regulation to a supervisor.

17. Virginia Code § 40.1-27.3 (a)(4) makes it unlawful for an employer to discharge, discipline, threaten, discriminate against, or penalize an employee because the employee refuses an employer's order to perform an action that violates any federal or state law or regulation and the employee informs the employer that the order is being refused for that reason.

18. Title 29 of the Code of Federal Regulations ("CFR"), § 1926.28 (a) provides, "The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions or where this part indicates the need for using such equipment to reduce the hazards to the employees."

19. Title 29 of the CFR, § 1926.95 (a) provides, "Protective equipment, including personal protective equipment for eyes, face, head, and extremities, protective clothing, respiratory devices, and protective shields and barriers, shall be provided, used, and maintained in a sanitary and reliable condition wherever it is necessary by reason of hazards of processes or

environment, chemical hazards, radiological hazards, or mechanical irritants encountered in a manner capable of causing injury or impairment in the function of any part of the body through absorption, inhalation or physical contact."

20. Mergenthaler reported to his supervisor, Barry, in good faith that McNeil was preparing to expose its employees to extreme temperatures without appropriate personal protective equipment. McNeil's exposure of its employees to extreme temperatures without appropriate personal protective equipment is a violation of 29 CFR §§ 1926.28 (a) and 1926.95 (a).

21. Mergenthaler refused to perform the ordered repair work on the Aleris furnace on July 17, 2020, and informed Barry that he was refusing to do the work because of the lack of appropriate personal protective equipment, as required by 29 CFR §§ 1926.28 (a) and 1926.95 (a).

22. McNeil unlawfully terminated Mergenthaler because he engaged in conduct protected by Va. Code §§ 40.1-27.3 (a) (1) and (4).

23. As a direct and proximate result of McNeil's actions, Mergenthaler has suffered, continues to suffer, and will in the future suffer injury, including but not limited to lost earned and foreseeable salary and incentive compensation, loss of the benefit of his bargain, the loss of the value of his efforts, and such other damages as are the natural and direct result of McNeil's actions, in the amount of One Hundred Thousand and 00/100 Dollars ($100,000.00). In addition, he is entitled to injunctive and declaratory relief;

reinstatement to the same position he held before the termination, or to an equivalent position, or award him front pay in an amount sufficient to restore him to the position he would have held but for Defendant's unlawful conduct; litigation expenses including his costs, attorney's fees, and expert witness fees pursuant to Va. Code § 40.1-27.3 (c); and other relief.

WHEREFORE, the Plaintiff, David Mergenthaler, by counsel prays that this Court enter judgment in his favor and against the Defendant, McNeil Sales & Service, Inc., in the following manner:

a) That the Court enter judgment in his favor and against the Defendant, McNeil Sales & Service, Inc., in the amount of One Hundred Thousand and 00/100 Dollars ($100,000.00);

b) That the Court order McNeil Sales & Service, Inc., to reinstate Mergenthaler to the same position he held before the termination, or to an equivalent position, or, if reinstatement is impracticable, to award him front pay in an amount sufficient to restore him to the position he would have held but for Defendant's unlawful conduct;

c) That the Court enter judgment declaring that McNeil Sales & Service, Inc., violated Va. Code § 40.1-27.3 by terminating Mergenthaler's employment;

d) That the Court enjoin McNeil Sales & Service, Inc., from further violations of Va. Code § 40.1-27.3;

7

e) That the Court award him his litigation expenses including his costs, attorney's fees, and expert witness fees pursuant to Va. Code § 40.1-27.3 (c); and

f) That he be awarded such other and further relief as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

DAVID MERGENTHALER
By Counsel

Blackwell N. Shelley, Jr. (VSB No. 28142)
Shelley Cupp Schulte, P.C.
3 W. Cary Street
Richmond, Virginia 23220
Tel: (804) 644-9700
Fax: (804) 278-9634
shelley@scs.law
*Attorney for Plaintiff David Mergenthaler*

8